# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OMAR COLLAZO-CLASS, <u>et al.</u>,** | |
| **Plaintiffs.** | |
| **v.** | **CIVIL NO.  15-1600 (PAD)** |
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Doral Bank,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

On September 2, 2014, plaintiffs initiated this action against Doral Bank for breach of contract and mortgage modification in the San Juan Part of the Puerto Rico Court of First Instance (Docket No. 11, Exh. 1). On February 27, 2015, while the action was pending, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the FDIC as Doral's receiver.

On May 18, 2015, the FDIC-R removed the action to this court under 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1) (Docket No. 1 at p. 2-3).  On November 16, 2015, plaintiffs amended their complaint to include Banco Popular de Puerto Rico ("BPPR") as defendant in the action (Docket No. 19).  BPPR moved to dismiss, claiming that all the allegations stem directly from certain alleged unlawful acts or omissions committed by Doral's officers and employees, pre-receivership (Docket No. 47). Plaintiffs opposed (Docket No. 57), and followed up with a second amended complaint (Docket No. 59).

In turn, the FDIC-R moved to dismiss the second amended complaint for lack of matter jurisdiction (Docket No. 65), pointing out that plaintiffs failed to exhaust administrative remedies. Id. at p. 8. BPPR filed a second motion to dismiss, essentially echoing the FDIC-R's arguments (Docket No. 66).  For the reasons explained below, the motions to dismiss are GRANTED and the complaint dismissed.

## I.     STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.  See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it.  Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F.Supp.2d 240 (D.P.R. 2012).  The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1).  Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

## II.     DISCUSSION

### A.  Framework

The Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") establishes a mandatory administrative claims process which must be exhausted by every claimant

seeking payment from the assets of an affected institution insured by the FDIC. 12 U.S.C. § 1821(d)(13)(D). The claims process requires that all claims be submitted to the FDIC by a date established by the receiver. Rodríguez v. F.D.I.C., No. 10-1656, 2011 WL 4529929, at *3 (D.P.R. September 27, 2011). Compliance with and exhaustion of the administrative procedure is mandatory. See, Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992) (so stating). The failure to pursue an administrative claim is fatal. Marquis at 1152-53. The court has no subject matter jurisdiction unless the claimant has exhausted the administrative remedies. Interface Kanner, LLC v. JPMorgan Chase Bank, N.A., 704 F.3d 927, 934 (11th Cir. 2013).

If the FDIC transfers any of the failed institution's assets to a third party, the acquiring institution "stands in the shoes of the [FDIC]." See, Am First Federal, Inc. v. Lake Forest Park, Inc., 198 F.3d 1259, n.3 (11th Cir. 1999); Village of Oakwood v. State Bank & Trust, 539 F.3d 373, 386 (6th Cir. 2008); diSibio v. Mission National Bank, 127 Fed.Appx 950, 951 (9th Cir. 2005); FDIC v. Newhart, 892 F.2d 47, 50 (8th Cir. 1989). In the event, the claim is time-barred against the FDIC, it is similarly barred against the acquiring institution. Id.

**B. Analysis**

The FDIC-R sent plaintiffs a letter indicating the bar date, informing them that the submission deadline was June 4, 2015 (Docket No. 66, Exh. 1 at p. 2). The letter included instructions on how to complete the Proof of Claim Form; provided the address to which the document should be sent; and forewarned that failure to file any such claim before the Claims Bar Date would result in the final disallowance of the claim. Plaintiffs did not, however, submit the corresponding claims with the FDIC-R by the Claims Bar Date, such that they failed to comply with the administrative procedure set in 12 U.S.C. § 1821 (Docket No. 66 at p. 9). Consequently, the court lacks subject-matter jurisdiction to entertain their claims against the FDIC-R. See, Simon

v. F.D.I.C., 48 F.3d 53, 56 (1st Cir. 1995)(holding that "[f]ailure to comply with the [administrative claims review process] deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution").

As for the plaintiff's claims asserting BPPR's liability, they are to be discharged.  The purchaser of an asset from a failed institution is not liable for the conduct of the receiver or institution unless the liability is transferred and assumed. Nashville Lodging Co. v. Resolution Trust Corp., 839 F.Supp. 58, 62 (D.D.C. 1993).  In the Purchase and Assumption Agreement (Docket No. 66, Exh. 2 at p. 18) it is clearly stated that the assuming institution, BPPR, does not assume any claim against any employee of the Failed Bank.  Therefore, the liability claims against BPPR must be dismissed.

## III.    CONCLUSION

In view of the foregoing, the FDIC's and BPPR's motions are GRANTED and the case DISMISSED. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of February, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge